UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ROLAND PELLETIER,
Brevard County Jail Inmate
No. 287407,
    Plaintiff,

v.                                               Case No.:  1:23cv184/AW/ZCB

STATE OF FLORIDA, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff is a pretrial detainee in the Brevard County Jail. He recently filed this *pro se* lawsuit against the Brevard County Sheriff, Brevard County Jail Administrator, Aramark, and the Florida Department of Health. (Doc. 1). Plaintiff did not pay the filing fee when he commenced this lawsuit. Having reviewed the complaint and Plaintiff's litigation history, the undersigned recommends dismissal because Plaintiff is a "three-striker" who was required to pay the filing fee when he filed this lawsuit.

1

I.   **Discussion**

Under what is known as the "three strikes rule," a "prisoner" must pay the filing fee and cannot proceed *in forma pauperis* if he has "on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim." 28 U.S.C. § 1915(g). A "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). The statute provides a narrow exception for prisoners who face "imminent danger of serious physical injury." *Id.*; *see also Daker v. Bryson*, 784 F. App'x 690, 692 (11th Cir. 2019) (explaining that the "sole exception to the three strikes bar is where the prisoner is under imminent danger of serious physical injury").

A prisoner who has three strikes under § 1915(g) must pay the full filing fee when the lawsuit is filed. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). If a prisoner fails to do so, then the "proper procedure is for the district court to dismiss the complaint without prejudice . . . pursuant to the three strikes provision of § 1915(g)." *Id*. A prisoner cannot avoid dismissal by "simply pay[ing] the filing fee" at a later date because the fee was due "at the time he initiate[d] the suit." *Id.*

2

Here, the Court has reviewed Plaintiff's litigation history in the Public Access to Court Electronic Records (PACER) database. PACER shows that Plaintiff—while a prisoner—has previously filed at least three federal court actions that were dismissed for reasons that count as strikes.[1] More specifically:

- *Pelletier v. State of Florida*, No. 6:22cv1587-CEM-EJK (M.D. Fla. Sept. 7, 2022) (dismissed for failure to state a claim);

- *Pelletier v. Henderson*, No. 6:22cv1597-RBD-DCI (M.D. Fla. Sept. 9, 2022) (dismissed for failure to state a claim and as frivolous); and

- *Pelletier v. Palm Bay Police*, No. 6:22cv2031-CEM-EJK (M.D. Fla. Nov. 9, 2022) (dismissed as frivolous).[2]

In fact, this Court and the U.S. District Court for the Middle District of Florida have previously recognized that Plaintiff has three strikes in the following cases:

- *Pelletier v. Aramark*, No. 6:22cv2319-WWB-LHP (M.D. Fla. Jan. 24, 2023) (Doc. 5).

---

[1] The plaintiff in these previously filed cases is identified as Brevard County Jail Inmate #287407. Plaintiff here identifies himself with that same inmate number. (Doc. 1 at 6).

[2] A complaint that presents time-barred claims warrants dismissal as frivolous. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 641 n.2 (11th Cir. 1990); *see also Johnson v. Greaves*, 366 F. App'x 976, 978 (11th Cir. 2010).

- *Pelletier v. Singletary*, No. 6:22cv2436-ACC-DCI (M.D. Fla. Jan. 10, 2023) (Doc. 4).

- *Pelletier v. Brevard County Sheriff Office*, No. 6:23cv112-PGB-DAB (M.D. Fla. Feb. 8, 2023) (Doc. 4).

- *Pelletier v. Florida Department of Health*, No. 6:23cv159-WWB-DAB (M.D. Fla. Feb. 8, 2023) (Doc. 3).

- *Pelletier v. Chief Singletary*, No. 6:23cv205-PGB-DCI (M.D. Fla. Feb. 23, 2023) (Doc. 2).

- *Pelletier v. Gainesville Police*, No. 1:22cv317-MW-HTC (N.D. Fla. Jan. 17, 2023) (Docs. 7, 9).

- *Pelletier v. Singletary*, No. 1:22cv338-AW-MAF (N.D. Fla. Jan. 19, 2023) (Docs. 2, 3).

Because Plaintiff has three strikes, he was required to pay the $402.00 filing fee when the complaint was filed in this case. He failed to do so. Moreover, Plaintiff's allegations in this case do not demonstrate he "is under imminent danger of serious physical injury" as required for the exception in § 1915(g) to apply.[3] Therefore, dismissal is appropriate.

---

[3] Plaintiff's claims relate to poor sanitation at the jail, such as dirty tables and floors and the presence of mold. (Doc. 1 at 7-8). He also complains of an unsanitary

It also bears mentioning that Plaintiff filed this case in the wrong judicial district. Plaintiff is an inmate in the Brevard County Jail. (Doc. 1 at 2). Plaintiff listed Brevard County addresses for the Brevard County Sheriff, Brevard County Jail Administrator, and Florida Department of Health.[4] (*Id.* at 2-3). All events alleged in the complaint took place at the Brevard County Jail. (*Id.* at 4). Brevard County is not located within the Northern District of Florida. Rather, it is located within the Middle District of Florida.

This is not the first time Plaintiff has attempted to sue Brevard County Jail officials and the Florida Department of Health in the Northern District of Florida over events arising at Brevard County Jail. *See* Case No. 1:22cv338/AW/MAF (N.D. Fla.) (Doc. 2). In that case, the Court informed Plaintiff that the proper venue

---

mattress (*id.* at 7), not being provided a mask (*id.*), dust (*id.* at 8), and unsanitary inmate phones (*id.*). These allegations are plainly insufficient to show that Plaintiff faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). *See Daker v. Bryson*, 784 F. App'x 690, 693 (11th Cir. 2019) (holding plaintiff's complaint of being forced to shave with unsanitary clippers insufficient to invoke the imminent danger exception); *see also Owens v. Leavins*, No. 3:21cv4815, 2022 WL 584890, at **3-4 (N.D. Fla. Jan. 5, 2022) (finding plaintiff's complaints of dust and the jail's general unsanitary conditions insufficient to show that he is in imminent danger of serious physical injury, and citing to plaintiff's previous cases in which the Court denied applying the imminent danger exception when he complained of unsanitary conditions).

[4] The complaint lists Defendant Aramark's address as Massachusetts (Doc. 1 at 2), which is also not within the Northern District of Florida.

5

was the U.S. District Court for the Middle District of Florida. (*Id.* at 2-3). The same is true here. A case that has been filed in the wrong district can be transferred to the proper district "in the interest of justice" under 28 U.S.C. § 1406(a). But the interest of justice would not be served by transfer because, as explained above, Plaintiff is a three-striker who failed to pay the filing fee when this case was initiated. Transferring this case would be a waste of judicial resources.

## II.   Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1.   This action be **DISMISSED** under 28 U.S.C. § 1915(g) without prejudice to Plaintiff's refiling an action in the appropriate venue if Plaintiff simultaneously submits the $402.00 filing fee; and

2.   The Clerk of Court be directed to close this case.

At Pensacola, Florida this 17th day of July 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of**

**the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**